## 36576. JOHNSON v. JAMES et al.

Jordan, Presiding Justice.

In 1975, appellant brought an action as an heir-at-law of her deceased husband for a partitioning of land inherited by her husband and his brothers and sisters from their father and mother. Only one of the defendants in this action, appellee James, answered, denying that appellant was the legal wife of appellee's brother, and that she was, therefore, not entitled to any share of the property.

In 1977, a consent order was entered signed by the trial judge and counsel for both sides. It reads as follows: "The above stated petition for partition read and considered. Upon the hearing before me, it appearing that the notices required by law have been given and that upon examination of the petitioner, Bernice Johnson's title and share in the premises that petitioner and [named defendants] are tenants in common of said premises: Ordered, that the . . . named five freeholders of said County . . . are hereby appointed to partition said lands. The Court hereby reserves for a subsequent Order the determination of the fractional interest of each tenant in common. Upon said subsequent order, the clerk will issue to the partitioners a Writ of Partition according to its terms."

The order was eventually interpreted by the trial court as having conclusively established appellant as a tenant in common with the appellees.

The case came on for trial in 1979. Counsel for both sides agreed that appellant's interest would be a one-tenth, undivided interest and so stipulated at the beginning of the hearing. However, appellees contended that appellant's interest had been extinguished in 1947 by an advancement of money made to her husband by his father in exchange for a relinquishment of her husband's interest in the property in question. Appellees raised this defense for the first time at trial, asserting that they had only become aware of it the night before the trial when one of the appellees recalled a conversation between his father and his brother that had taken place some thirty years ago that would have legally amounted to an advancement. The

trial judge heard testimony concerning this conversation and ruled for the appellees, holding that appellant's interest had been extinguished by an advancement made to her husband. We reverse.

Appellant contends on appeal that advancement is an affirmative defense which cannot be raised for the first time at trial, and that, even so, there was insufficient evidence that an advancement had been made.

However, we view the issue differently. "Where one tenant in common brings an equitable action against his cotenants for partition of land and for an accounting of rents, issues, and profits, and a consent decree is taken, fixing the rights and liabilities of the parties as between themselves, and decreeing their respective interests in the land, in the further progress of the case, where the decree is not attacked, the parties will not be permitted to go behind the decree so as to reopen the subject. *All prior agreements and controversies between the parties, whether such were expressly pleaded or not, are merged in the decree.*" *Goolsby v. Goolsby,* 146 Ga. 763 (92 SE 521) (1917) (Emphasis supplied.)

Furthermore, as to the effect of a determination by the court with or without the consent of the parties concerning the rights and liabilities of the parties in a partitioning proceeding, this court has said: "Where . . . the court over objections of some [of the alleged cotenants] passed an order adjudicating the cotenancy as alleged, and appointing partitioners to divide the land as prayed, this judgment, *until reversed or set aside,* was binding on all of the defendants, including those who did not appear or file objections to the appointment of the partitioners . . ." *Cates v. Duncan,* 181 Ga. 686, 687 (183 SE 797) (1935) (Emphasis supplied.)

This authority stands for the proposition that a consent order entered in a partitioning case decreeing certain persons to be cotenants and appointing partitioners to partition the property in question cannot be subsequently reopened to relitigate the rights of the parties as cotenants unless the order is reversed or set aside. In the present case, appellees were duly notified of the lawsuit against them. Interrogatories were served and answered between the parties in which no mention of an advancement was ever made. Appellee James, the defendant who answered the petition, testified at the trial, however, that she had known about the defense of advancement for at least a year before the case was called for trial. Most importantly though, the parties consented to the adjudication of appellant's interest as that of a cotenant.

It makes no difference that the consent order might be viewed as an interlocutory one. See *Lanier v. Gay,* 195 Ga. 859 (25 SE2d 642) (1943); *Lochrane v. Equitable Loan &c. Co.,* 122 Ga. 433, 436-37 (50

SE 372) (1905). "A decree may be partly final and partly inter-locutory; final as to its determination of all issues of law and fact and interlocutory as to its mode of execution. A final decree disposing of all the substantial equities of the case is not made interlocutory by the mere reservation of the right to direct the mode of its execution." *Moody v. Muscogee Mfg. Co.,* 134 Ga. 721 (68 SE 604) (1910).

We hold that the adjudication of appellant as a cotenant was a final determination of the law and facts as to that issue with only the question of the amount of her interest to be reserved for subsequent determination. This holding is further supported by the fact that this determination was agreed to by the parties.

Since appellees never moved to appeal the consent order or have it set aside, they were not authorized to present evidence which would alter the rights and liabilities of the parties as established by it. Therefore, the trial court should proceed with the partitioning as prayed for by appellant, noting that appellees have stipulated that appellant has a one-tenth, undivided interest in the property.

*Judgment reversed. All the Justices concur.*

SUBMITTED AUGUST 15, 1980 — DECIDED NOVEMBER 14, 1980.

*John Lee Parrott,* for appellant.
*Jesse Copelan, Jr.,* for appellees.