A91A1904. LEVINGSTON v. CRABLE et al.
(416 SE2d 131)

SOGNIER, Chief Judge.

Billy Crable and Shirley Crable sought injunctive relief from the Superior Court of Fayette County alleging that Clifford Levingston's

maintenance at his residence of a kennel for his Rottweiler dogs created a nuisance and violated county ordinances and restrictive covenants on the property. Pursuant to negotiations between the parties, the trial court entered an order, denominated "consent order and final judgment granting permanent injunction" (hereinafter "consent order"), on February 27, 1991. A motion filed by Levingston at the subsequent term of court was dismissed by the trial court on the basis that the consent order was a final order divesting the trial court of jurisdiction over the matter. Levingston appeals.

The consent order contained findings of fact and conclusions of law, in which paragraph 8 provided that appellant's action in building and maintaining the kennel constituted a "potential violation of the Restrictive Covenants running with [appellant's] land. . . . (Further direction and Order of the Court with respect to this provision will be included below.)" The consent order then expressly set forth that appellees' petition for permanent injunctive relief was granted, and based thereon appellant was ordered to take six specified acts to comply with the terms of the injunction. Appellant was also ordered in paragraph 12 "to apply to [the Homeowners Association of Northridge Subdivision, hereinafter "NSHA"] for approval to maintain the [kennel] and 'doggie' septic tank ["the structures"] presently existing on [appellant's] property. *If* it is determined that [these structures] violate the Restrictive Covenants, then, *in that event,* [appellant] *will be required to remove* the [structures], or take any other action consistent with the requirements of [NSHA] to bring [the structures] into conformity. Provided, however, that [appellant] *may petition or apply to this Court under the terms of this Order or otherwise* for relief from any decision of *[NSHA].* [Appellant's] petition or application may assert any and all defenses which [appellant] has, had or may have had with regard to enforcement of the Restrictive Covenants. The filing of such petition or application by [appellant] *shall stay any decision of [NSHA] until a hearing is held and final decision rendered on the petition or application.*" (Emphasis supplied.) The consent order then provided in pertinent part that "[t]he provisions of this Final Judgment are binding on [appellant]," that a violation of the order would be punishable by contempt, and that appellant thereby dismissed with prejudice all of his motions pending in the suit.

After NSHA denied appellant's application to maintain the structures, appellant filed his "motion and petition for relief from and pursuant to consent order" seeking relief from the NSHA decision on the bases that he was not in violation of the restrictive covenants or, if in violation, the enforcement of the covenants was barred by the statute of limitation or laches. Appellant also sought to have the consent order conformed to allow him to maintain the structures.

Appellant contends the trial court erred by finding that the consent order was a final judgment. A judgment is final when it disposes of the entire controversy, leaving nothing for the trial court to do in the case. *MARTA v. Federick*, 187 Ga. App. 696, 698 (1) (371 SE2d 204) (1988). The effect of a judicial act and not the trial court's characterization of it determines whether it is a final judgment. See *Robert Chuckrow &c. Co. v. Gough*, 117 Ga. App. 140, 144 (1) (159 SE2d 469) (1968).

Citing OCGA § 9-11-54 (b), appellant argues first that the consent order was not final because it failed to adjudicate all the claims in the litigation. We do not agree. There was no language in the consent order reflecting it to be anything other than final judgment, compare *White v. Lawyers Title Ins. Corp.*, 197 Ga. App. 780 (399 SE2d 526) (1990) (consent order contained language that "both parties agree that it is not a final order pursuant to OCGA § 9-11-54 (b)," id. at 782 (2)), and the consent order expressly provided that the injunctive relief sought by appellees was granted in its entirety and that all matters raised by appellant were dismissed with prejudice. Compare *Ford Motor Credit Co. v. Williams*, 194 Ga. App. 405, 406 (1) (390 SE2d 640) (1990) (consent order not final because it did not provide either that action was dismissed or that plaintiff received judgment). Contrary to appellant's argument, the "[p]rovided, however" language in paragraph 12 of the consent order did not leave for further adjudication any claim *as between these parties*. Pursuant to that paragraph, appellees' claim against appellant regarding the restrictive covenants has been concluded because that paragraph established that both appellant and appellees are bound by a properly rendered NSHA decision on that matter. Thus, insofar as appellees' claim based upon the restrictive covenants is concerned, no issue remained for adjudication. Compare *MARTA v. Federick*, supra (consent order on no-fault claim not final while tort claim still pending).

Appellant also argues that even if the consent order was a final adjudication of the law, the consent order is comparable to the one in *Johnson v. James*, 246 Ga. 680 (272 SE2d 692) (1980), in that while final as to certain issues, it remained interlocutory as to the issue of the "mode of execution" of NSHA's ruling regarding the restrictive covenants so that the trial court retained jurisdiction under the injunctive relief suit to consider that matter. As noted by the Supreme Court in *Johnson*, " '[a] decree may be partly final and partly interlocutory; final as to its determination of all issues of law and fact and interlocutory as to its mode of execution. . . .' [Cit.]" Id. at 682.

In *Johnson*, siblings challenged the right of a deceased sibling's widow to participate in the partitioning of land inherited from the parents. The trial court entered a consent order establishing that the widow was entitled to a share in the premises. A partitioning of the

land was ordered with the trial court "reserv[ing] for a subsequent Order the determination of the fractional interest of each tenant in common." Id. at 680. The Supreme Court held that the consent order concluded the issue of the widow's entitlement to share in the partitioning and disallowed the siblings' new challenge to the widow's rights raised for the first time in the subsequent hearing on the parties' fractional interests in the property.

Appellant asserts that just as the trial court in *Johnson* reserved for later determination the fractional interest of the siblings, the trial court in the case sub judice reserved for determination in the injunctive relief suit itself the question of the propriety of any future ruling made by NSHA on appellant's application regarding the restrictive covenants. We do not agree. The "[p]rovided, however" language in paragraph 12 upon which appellant's argument is based merely clarified his right to raise a subsequent legal challenge to NSHA's decision and provided further that if appellant raised such a challenge, the binding effect of the NSHA decision, as finalized in paragraph 12 in the consent order, would be stayed until the challenge had concluded. Compare *Hubbert v. Williams*, 175 Ga. App. 393, 394-395 (1) (333 SE2d 425) (1985) (consent order authorizing disbursement to secured debt holder of funds paid into court by condemning authority pending trial on fair market value of property was interlocutory order subject to modification). There is nothing in the case sub judice comparable to the express reservation by the trial court in *Johnson* of an issue vital to the partitioning of the property, i.e., the fractional interest of each tenant. Furthermore, as noted above, no issue remained in the case at bar for the trial court to reserve to itself: the trial court had concluded appellant was bound by a properly rendered decision by NSHA.

Therefore, we find that the trial court properly dismissed appellant's motion for lack of jurisdiction and note, as did the trial court in its order, that the trial court's ruling does not preclude appellant from pursuing any other legal recourse that may be available to him.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 20, 1992.

*Alagia, Day, Marshall, Mintmire & Chauvin, Roger A. Kirschenbaum,* for appellant.

*Louis Levenson & Associates, Louis Levenson,* for appellees.