## A10A0497. POUNDS et al. v. BROWN et al.
### (721 SE2d 905)

McFadden, Judge.

In *Pounds v. Brown*, 303 Ga. App. 674 (695 SE2d 66) (2010), we affirmed in part and reversed in part the trial court's denial of a motion to enforce a settlement agreement, and we remanded the case to the trial court to enforce the settlement agreement in accordance with our opinion. The case involves a shareholders' derivative action against Cobb Electric Membership Corporation, its president and CEO, and the members of its board of directors, alleging various breaches of fiduciary duties and mismanagement. The order at issue denied the plaintiff-shareholders' motion to enforce the parties' settlement agreement and upheld as lawful the board of directors' adoption of numerous amendments to the Cobb EMC bylaws.

Reversing the trial court, we held that the proxy voting bylaw amendment violated the parties' settlement agreement. *Pounds*, 303 Ga. App. at 676-677 (1) (a). We dismissed as moot the plaintiffs' claims that the bylaw amendments limiting the business that can be conducted at member meetings and increasing the number of directors required to call special meetings violated Georgia law and Cobb EMC's existing bylaws. *Pounds*, 303 Ga. App. at 677 (1) (b). This amounted to an affirmance of the trial court's ruling upholding these bylaw changes. Finally, reversing the trial court, we held that the trial court erred in allowing Cobb EMC to distribute its own resolutions at a special meeting and to recommend that members vote in favor of such resolutions, and reversed the trial court on this issue. *Pounds*, 303 Ga. App. at 678-679 (2).

In *Brown v. Pounds*, 289 Ga. 338 (711 SE2d 646) (2011), the Supreme Court granted certiorari to determine whether we erred in holding that the "amendment to the bylaws of Cobb Electric Membership Corporation's [allowing for voting by proxy,] violated a settlement agreement previously entered into by the parties." The Supreme Court affirmed in part and reversed in part Division 1 (a) of our opinion, agreeing that the proxy bylaw amendment violated the settlement agreement, but for different reasons than those we had given. The Supreme Court did not address Divisions 1 (b) or 2 of our opinion, and our rulings in those divisions are not inconsistent with the Supreme Court's decision. Accordingly, Division 1 (a) of our opinion in *Pounds v. Brown*, 303 Ga. App. 674 is vacated, and we adopt the Supreme Court's decision as our own as to that division. Divisions 1 (b) and 2 of our decision remain unchanged.

*Judgment affirmed in part, reversed in part, and case remanded with direction. Barnes, P. J., and Phipps, P. J., concur.*

DECIDED OCTOBER 21, 2011.

*Carr & Palmer, W. Pitts Carr, Dupree & Kimbrough, Hylton B. Dupree, Jr.*, for appellants.

*Schreeder, Wheeler & Flint, David H. Flint, Weinstock & Scavo, Michael Weinstock, Richard V. Merritt, Akin & Tate, S. Lester Tate III, Brock, Clay, Calhoun & Rogers, Harbert S. Gregory, Jr., Sutherland, F. Barry McCabe, King & Spalding, Dwight J. Davis, Awtrey & Parker, Robert B. Silliman, Leo E. Reichert*, for appellees.