**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 1, 2013**

# In the Court of Appeals of Georgia

A13A0441. MONTGOMERY v. MORRIS.                                    RA-021

R‍AY, Judge.

Woodie M. Montgomery appeals from a trial court order holding her in contempt and from the order she allegedly violated, which served as the basis for the trial court's contempt finding. Because the trial court lacked jurisdiction to enter the contempt order, we reverse.

The parties in the instant action, appellant Montgomery and her brother, appellee Walter S. Morris, are involved in long-running litigation over alleged improprieties in Montgomery's handling of their late father's estate, a trust, and a family limited partnership. After mediation, the parties agreed to settle the dispute, but when the parties' attorneys attempted to draft a settlement agreement, another dispute arose over the scope of an indemnification provision. The parties in 2007

filed cross-motions to enforce the agreement. The trial court in 2010 granted both parties' motions in part, and in two orders it attached copies of a written settlement agreement and a written indemnification agreement, ordering the parties to sign those agreements. Shortly after executing the agreements, the parties again cross-motioned for contempt. The trial court denied those motions in one of the orders appealed from, dated October 27, 2010, and imposed requirements on Montgomery to report on her progress in meeting the obligations under the court's prior order directing execution of the settlement and indemnification agreement. Also on October 27, 2010, the trial court issued a second order sua sponte dismissing the case without prejudice and directing the clerk of court to close the case. However, this order also stated that the trial court "retains complete jurisdiction to vacate this Order and to re-open the action if necessary." Neither party moved for reconsideration or objected to this order.

Nearly a year later, on October 21, 2011, Morris renewed his motion for contempt under the same case number as the action that had been dismissed, alleging that Montgomery had wilfully failed to comply with the terms of the trial court's prior orders. After a hearing, the trial court on May 30, 2012, held Montgomery in contempt for failing to subdivide a piece of real property as required by the terms of the settlement agreement, ordered her to have the property surveyed within 30 days

of the date of the order, and ordered her to pay half the costs of the survey. The contempt order did not award fees or impose other sanctions. Montgomery filed the instant appeal.

1. Montgomery enumerates as error the contempt finding, arguing that the trial court lost jurisdiction when it dismissed the case without prejudice.[1] We agree.

The question of whether a trial court has jurisdiction to hear a motion and enter a contempt finding is a legal question, and we owe no deference to the trial court's ruling when we conduct a de novo review of the matter for plain legal error. *Gallagher v. The Fiderion Group, LLC*, 300 Ga. App. 434, 434-435 (685 SE2d 387) (2009).

OCGA § 9-11-41, which governs dismissal of actions, contemplates both voluntary dismissals upon plaintiff's motion or stipulation, pursuant to OCGA § 9-11-41 (a), and involuntary dismissals pursuant to OCGA § 9-11-41 (b) for, inter alia, the "failure of the plaintiff to . . . comply with . . . any order of court." The trial court's sua sponte dismissal order does not specify the subsection under which it operates, but our Supreme Court has found that a sua sponte dismissal may function as an

---

[1] We note that the trial court clearly dismissed the action, rather than administratively closing the case.

3

involuntary dismissal. See *Smith v. Ga. Kaolin Co.*, 269 Ga. 475, 476 (1) (498 SE2d 266) (1998) ("[T]he trial court dismissed [the] complaint sua sponte. Such an *involuntary dismissal* is authorized by OCGA § 9-11-41 (b)") (emphasis supplied), citing *Cramer, Inc. v. Southeastern Office Furniture Wholesale Co.*, 171 Ga. App. 514, 515 (1) (320 SE2d 223) (1984) (where party made no formal motion to dismiss, this Court found that "while it is true that OCGA § 9-11-41 (b) contemplates a motion by a defendant, the court may exercise its inherent power to dismiss sua sponte") (citations omitted). Although OCGA § 9-11-41 (b) imposes certain requirements for its application, neither party objected to or moved for reconsideration of this dismissal.

The dismissal of a lawsuit generally deprives the trial court of jurisdiction to take further action in a case.[2] A dismissal "deprive[s] the trial court of jurisdiction over the case and [leaves] the parties in the same position as if the suit had never been filed." (Citation omitted.) *Lakes v. Marriott Corp.*, 264 Ga. 475, 478 (448 SE2d 203) (1994).

---

[2] An exception, which does not apply here, exists for attorney fee motions pursuant to OCGA § 9-15-14. See *Harris v. Werner*, 278 Ga. App. 166, 167 (628 SE2d 230) (2006).

Although Morris argues, correctly, that the cases Montgomery cites on this issue addresses loss of jurisdiction only in the context of a voluntary dismissal without prejudice pursuant to OCGA § 9-11-41 (a), he points us to no case addressing the status of jurisdiction after an involuntary dismissal without prejudice pursuant to OCGA § 9-11-41 (b). Nor could we find any case on point. However, automatic dismissals pursuant to OCGA § 9-11-41 (e), which occur when no written order is issued in a case for five years, also are considered involuntary dismissals. See *Windsor v. City of Atlanta*, 287 Ga. 334, 337 (2) (695 SE2d 576) (2010). Such automatic dismissals are without prejudice and may be refiled within certain limitations. *Goodwyn v. Carter*, 252 Ga. App. 114, 116 (555 SE2d 474) (2001). As with voluntary dismissals under OCGA § 9-11-41 (a), where a case has been automatically dismissed under OCGA § 9-11-41 (e), any subsequent order is null and void because the trial court has lost jurisdiction over the case, which is no longer pending before it. *Cornelius v. Morris Brown College*, 299 Ga. App. 83, 85 (1) (681 SE2d 730) (2009). Accord *Brown v. Kroger Co.*, 278 Ga. 65, 68 (597 SE2d 382) (2004). While not identically situated, the common factor these subsections of OCGA § 9-11-41 and related cases share with the instant action is that the dismissals were without prejudice, allowing them to be refiled within certain parameters. We have

5

held, in a case factually similar to the instant action, that a dismissal following a settlement that left no pending claims divested the trial court of jurisdiction to consider a subsequent contempt motion. *Gallagher*, supra at 435, 436 (1).

Despite the trial court's order in the instant case purporting to retain jurisdiction, "[b]ecause the Civil Practice Act makes no provision for the reinstatement of an action after dismissal as distinguished from a recommencement, a trial court has no power to order reinstatement of the action after it has been . . . dismissed." (Citation and punctuation omitted.) Id. at 436 (1). Additionally, in an analogous situation, we found that a consent order was a final judgment, and that the trial court was correct in finding that it had no jurisdiction to entertain further motions. See *Levingston v. Crable*, 203 Ga. App. 16 (416 SE2d 131) (1992). The consent order in *Levingston*, like the order at issue in the instant case, directed one of the parties to take specific actions to comply with the terms of an injunction and provided that the party could seek future relief, if necessary, from the trial court under the terms of the order or otherwise, and dismissed all pending motions with prejudice. Id. at 17. This Court determined that the consent order was final and the trial court lacked jurisdiction to issue further orders because the consent order "did not leave for further adjudication any claim as between these parties." (Emphasis omitted.) Id. at

6

18. "The effect of a judicial act and not the trial court's characterization of it determines whether it is a final judgment." (Citations omitted.) Id. Here, the trial court's order left no pending claims between the parties.

Further, "[a] suit dismissed without prejudice pursuant to OCGA § 9-11-41 leaves the situation the same as if the suit had never been brought in the first place." (Citation and punctuation omitted.) *Smith v. Memorial Medical Ctr., Inc.*, 208 Ga. App. 26, 28 (1) (430 SE2d 57) (1993). All prior orders in the case are superceded, and because the dismissal divests the trial court of jurisdiction, orders entered after the dismissal are null. *Gallagher*, supra at 436.

Contrary to Morris' contention, however, the nullification of prior orders does not nullify the underlying, executed settlement agreement in the instant case, as that agreement was not incorporated into either of the October 27, 2011, final orders. See, e. g., *Longe v. Fleming*, 318 Ga. App. 258, 261 (2) (733 SE2d 792) (2012) (rights of parties are resolved under final order, not under settlement agreement, where settlement agreement is "incorporated herein by reference" in and made part of final order).

In the instant case, the trial court did not explicitly vacate its dismissal prior to granting the contempt motion. We note, however, that a court loses jurisdiction to

7

vacate or set aside a judgment after the term of court in which the order was entered lapses, unless a motion is filed and granted pursuant to OCGA § 9-11-60. See, e. g., *Bridgestone/Firestone North American Tire, LLC v. Jenkins*, 261 Ga. App. 20, 21 (2) (582 SE2d 9) (2003). See also *Carnes Bros., Inc. v. Cox*, 243 Ga. App. 863, 864 (534 SE2d 547) (2000) (physical precedent only). The term of court in which the trial court entered the final order dismissing the case had long expired before Morris filed his contempt motion a year later. See OCGA § 15-6-3 (3).[3] The record does not indicate that any motion ever was filed under OCGA § 9-11-60.

The trial court lacked jurisdiction to enter the contempt order.

2. Because of our determination in Division 1, Montgomery's other enumerations of error are rendered moot.

*Judgment reversed. Barnes, P. J., and Miller, J., concur.*

---

[3] The recent amendment to this Code section pursuant to 2013 Ga. Laws 177 (H.B. 451), has no effect upon the instant action.