**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 4, 2018**

# In the Court of Appeals of Georgia

A18A1139. BARNES v. CANNON et al.

MᴄMɪʟʟɪᴀɴ, Judge.

Linda Barnes, as Co-Guardian of Dakota Mae Joyner, appeals the trial court's denial of a Motion to Intervene/Motion to Set Aside, and to Reconsider and/or Vacate Order Approving Settlement in an action filed by Carol and Tina Joyner (the "Joyners") in Effingham County (the "Effingham County Action"). We affirm for the reasons set forth below.

In February 2013, Dakota's[1] parents, Stephen and Camie Joyner, were killed in Chatham County in a head-on automobile collision with a car driven by Trevor Cannon. Barnes, who is Dakota's maternal grandmother, was appointed the child's

---

[1] For clarity, we will refer to Stephen, Camie, and Dakota Joyner, individually, by their first names.

co-guardian along with the Joyners, who are Dakota's paternal grandparents. The Joyners were also appointed as administrators of Stephen's estate, and Barnes was appointed as the administrator of Camie's estate by the Bulloch County Probate Court. A conservator also was named to represent Dakota's interests.

A number of lawsuits followed, apparently as a result of Barnes' and the Joyners' inability to reach an agreement on how to proceed. Barnes filed a lawsuit in Chatham County in August 2014 (the "Chatham County Action"), and the Joyners attempted to intervene. After Barnes opposed their intervention, the trial court denied their motion. The Joyners then filed this lawsuit in Effingham County in October 2016. Allstate Fire and Casualty Company ("Allstate") was named as the uninsured motorist carrier in both the Chatham County Action and the Effingham County Action.

In June 2017, the parties in the Effingham County Action reached a settlement, which was approved both by the Bulloch County Probate Court and the Superior Court of Effingham County,[2] and the Joyners dismissed the Effingham County Action

---

[2] Under OCGA § 29-3-3 (e), after legal claims are filed on behalf of a minor, any settlement of the minor's claims in amount over $15,000 requires the approval of the court in which the legal action is pending. If no legal action is pending, any settlement over $15,000 must be submitted to the probate court for approval. OCGA § 29-3-3 (d).

with prejudice. Two weeks later, on July 5, 2017, Barnes sought to intervene in the Effingham County Action and asked for reconsideration of the order approving the settlement, as it barred the claims she asserted on Dakota's behalf in the Chatham County Action. The trial court denied the motion, finding first that it lost jurisdiction over the case when the Joyners dismissed the action with prejudice. The trial court further found that even if it had retained jurisdiction, Barnes' motion was without merit, concluding that Barnes had failed to establish that she was entitled to intervene as of right pursuant to OCGA § 9-11-24 because her motion was untimely and because Dakota's interests were adequately represented by the existing parties to the case. The trial court also found that if the proposed intervention were allowed, it would unduly prejudice the Joyners' right, and by extension Dakota's right, to recover in light of a pending motion to dismiss filed by Allstate.

Barnes argues on appeal that the trial court erred in failing to vacate the settlement because the Joyners did not have the authority to settle the claim on Dakota's behalf and in finding that she did not have the authority to intervene as of right.

1. Before reaching Barnes' arguments on the merits of her motion to intervene, however, we must first consider the trial court's finding that it lacked jurisdiction to

3

consider the matter because the Joyners had voluntarily dismissed their claims under OCGA § 9-11-41. The question of whether a trial court has jurisdiction to hear a motion following the dismissal of an action "is a legal question, and we owe no deference to the trial court's ruling when we conduct a de novo review of the matter for plain legal error." *Montgomery v. Morris*, 322 Ga. App. 558, 559 (1) (745 SE2d 778) (2013) (contempt motion).

It is well settled that "[t]he dismissal of a lawsuit generally deprives the trial court of jurisdiction to take further action in a case." (Citation and punctuation omitted.) *Montgomery*, 322 Ga. App. at 560 (1) (trial court lacked jurisdiction to hold party in contempt after dismissing the case despite its order purporting to retain jurisdiction "to re-open the action if necessary"); *Lakes v. Marriott Corp.*, 264 Ga. 475, 478 (448 SE2d 203) (1994) (plaintiffs' voluntary dismissal deprived court of authority to enter judgment in the case). Moreover, "[b]ecause the Civil Practice Act makes no provision for the reinstatement of an action after dismissal as distinguished from a recommencement, a trial court has no power to order reinstatement of the action after it has been voluntarily dismissed." (Citation and punctuation omitted.) *Gallagher v. Fiderion Group, LLC*, 300 Ga. App. 434, 436 (1) (685 SE2d 387) (2009). "Thus, [a dismissal] operates to divest the court of jurisdiction, after which

4

the trial court has no authority to enter additional orders, with the possible exception of OCGA § 9-15-14 awards, which are not at issue here." (Citations and punctuation omitted.) Id. See also *Lewis v. City of Savannah*, 336 Ga. App. 126, 130 (1) (784 SE2d 1) (2016). "And because the dismissal divests the court of jurisdiction, orders entered subsequent to the dismissal are deemed a nullity." *Gallagher*, 300 Ga. App. at 436 (1). See also *Patel v. Patel*, 342 Ga. App. 81, 92 (2) (b) (802 SE2d 871) (2017) (contempt order, incarceration order, and order awarding additional fees entered after court's dismissal of action were nullities without force or effect).

Applying these principles, we agree with the trial court's determination that it lacked jurisdiction to consider Barnes' motion to intervene, which was filed two weeks after the Joyners had voluntarily dismissed the Effingham County Action. Indeed, if the trial court had issued an order on the merits of that motion, it would be subject to vacatur as a mere nullity. *Patel*, 342 Ga. App. at 92 (2).[3] Accordingly, we

[3] In her supplemental brief, Barnes cites *Kent v. State Farm Mut. Automobile Ins. Co.*, 233 Ga. App. 564, 565-66 (2) (504 SE2d 710) (1998) to argue that the trial court had jurisdiction to set aside its order approving the settlement, but that case is readily distinguishable as it involved the plaintiffs' motion to set aside their own voluntary dismissal. Although this Court held that the voluntary dismissal "[constituted] a judgment which, where appropriate, could be set aside under OCGA § 9-11-60 (d) (2)," *Kent*, 233 Ga. App. at 566 (2), the case provides no authority for the issue before us as to whether a trial court has jurisdiction following a voluntary dismissal to consider a non-party's motion to intervene so that the non-party can seek

5

affirm the trial court's denial of Barnes' motion on the ground that the trial court lacked jurisdiction to consider the motion.

2. Given our holding in Division 1, we need not address Barnes' appellate arguments addressing the merits of her motion.

*Judgment affirmed. Barnes, P. J., and Reese, J., concur.*

---

to have a pre-judgment order set aside.