# Court of Appeals
# of the State of Georgia

ATLANTA,  July 02, 2020

*The Court of Appeals hereby passes the following order:*

**A20I0233. ATLANTA TURFGRASS AND LANDSCAPE SUPPLY, INC., et al.
v. FORSYTH COUNTY, GEORGIA.**

In 2014, Forsyth County sought to condemn property, and the superior court entered an order and judgment of condemnation. Atlanta Turfgrass and Landscape Supply, Inc. and Comerica Bank ("the Applicants") challenged the ruling in superior court. On March 13, 2020, the trial court entered an order finding that the case had been dismissed by operation of law in accordance with OCGA §§ 9-2-60 (b) and 9-11-41 (e). The order required the parties to engage in mediation to disburse funds deposited into the registry of the court, noting that the parties could request a hearing if no resolution could be reached. The Applicants obtained a certificate of immediate review and filed this application for interlocutory appeal. The Applicants also filed a direct appeal from the same order, which has been docketed as Case No. A20A1977.

Under OCGA § 5-6-34 (a) (1), a party may file a direct appeal from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" Here, although the trial court appears to have reserved an issue, our cases make clear that, once a case has been dismissed by operation of law, the trial court is no longer authorized to enter orders in the case. See *Montgomery v. Morris*, 322 Ga. App. 558, 560 (1) (745 SE2d 778) (2013); *Cornelius v. Morris Brown College*, 299 Ga. App. 83, 85 (1) (681 SE2d 730) (2009); *Goodwyn v. Carter*, 252 Ga. App. 114, 116 (555 SE2d 474) (2001). "[A]ny subsequent order is null and void because the trial court has lost jurisdiction over the case, which is no longer pending before it." *Montgomery*, 322 Ga. App. at 560 (1). The only effect of an order entered after automatic dismissal is to memorialize the dismissal. See *Cornelius,* 299 Ga. App. at 85 (1).

Accordingly, the trial court's March 13 order is properly construed as a final order memorializing the dismissal rather than an interlocutory order.  If a party files an interlocutory application from an order that is directly appealable, this Court will ordinarily grant the application. See *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1

(602 SE2d 246) (2004). Because the Applicants have already filed a notice of direct appeal, however, this application for interlocutory appeal is duplicative and is thus DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  07/02/2020*
     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*