**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**August 27, 2024**

# In the Court of Appeals of Georgia

A24A0607. MILLER v. WILCOXSON.

MILLER, Presiding Judge.

In this wrongful death case, the decedent's mother settled with the defendants and voluntarily dismissed the case. The mother subsequently filed a motion for apportionment of the settlement proceeds between herself and the decedent's father, and the trial court issued an order awarding three percent of the proceeds to the father. The father appeals from the apportionment order, arguing that the court erred by (1) ruling on the mother's motion because the case was dismissed before the motion was filed, and (2) awarding him only three percent of the settlement proceeds. We conclude that the court lacked jurisdiction to rule on the apportionment motion

because the case was dismissed before the motion was filed. Accordingly, we reverse the apportionment order.

On January 11, 2016, 17-year-old Sariah Wilcoxson was shot and killed on an approach to a housing complex in DeKalb County. On November 11, 2016, Sariah's mother Sarita Wilcoxson filed this action against the owners and operators of the housing complex, asserting a wrongful death claim and claims based on Sariah's personal injuries. In April 2019, Wilcoxson entered into a settlement agreement with the defendants resolving all asserted claims for approximately $14.7 million. After disbursements to Wilcoxson's attorneys and Sariah's estate, the net settlement proceeds for the wrongful death claim totaled approximately $7 million. Half of the net settlement proceeds were disbursed to Wilcoxson, while the other half were placed in escrow pending court determination as to the rightful recipient.

Wilcoxson voluntarily dismissed this action with prejudice in May 2019. In November 2019, Wilcoxson filed a motion for apportionment of the settlement proceeds pursuant to OCGA § 19-7-1 (c), requesting that the trial court determine what amount, if any, of the proceeds should be distributed to Sariah's father Marcus

Miller, who had not been married to Wilcoxson and had not participated in the prosecution of the action.[1]

"Under OCGA §§ 19-7-1(c) and 51-4-4, when a child (either a minor or sui juris) dies as the result of a homicide or negligence, and the child did not leave a spouse or children, the child's parents have the right to recover for the full value of the child's life." *Baker v. Sweat*, 281 Ga. App. 863, 866 (1) (637 SE2d 474) (2006). If both parents are living but are divorced, separated, or living apart, OCGA § 19-7-1 (c) (2) (C) provides that

> the right shall be in both parents. However, if . . . one parent refuses to proceed or cannot be located to proceed to recover for the wrongful death of a child, the other parent shall have the right to contract for representation on behalf of both parents, thereby binding both parents, and the right to proceed on behalf of both parents to recover for the homicide of the child with any ultimate recovery to be shared by the parents as provided in this subsection. Unless a motion is filed as provided in paragraph (6) of this subsection, such a judgment shall be divided equally between the parents by the judgment; and the share of an absent parent shall be held for such time, on such terms, and with such

---

[1] Apparently, Miller has filed separate lawsuits against Wilcoxson and her attorneys based on the prosecution and settlement of the wrongful death claim, but these lawsuits have been dismissed.

direction for payment if the absent parent is not found as the judgment directs. . . .

OCGA § 19-7-1 (c) (6) provides that where the parents of a deceased child are divorced, separated, or living apart,

> a motion may be filed by either parent prior to trial requesting the judge to apportion fairly any judgment amounts awarded in the case. Where such a motion is filed, a judgment shall not be automatically divided. A postjudgment hearing shall be conducted by the judge at which each parent shall have the opportunity to be heard and to produce evidence regarding that parent's relationship with the deceased child. The judge shall fairly determine the percentage of the judgment to be awarded to each parent. In making such a determination, the judge shall consider each parent's relationship with the deceased child, including permanent custody, control, and support, as well as any other factors found to be pertinent. The judge's decision shall not be disturbed absent an abuse of discretion.

Miller appeared in the case and argued that the motion for apportionment was improper because the case was dismissed before it was filed. Following an evidentiary hearing regarding each parent's relationship with Sariah, the trial court issued an order granting the apportionment motion and directing that three percent of the settlement proceeds be disbursed to Miller. The court initially found that the

apportionment motion was procedurally proper under OCGA § 19-7-1 (c) (6) because it was filed prior to any trial, and it ultimately found that Wilcoxson had a close relationship to, lived with, and provided for Sariah while Miller was largely absent from her life and did not provide for her. Miller then filed this appeal.[2]

1. Miller argues that the trial court erred by ruling on Wilcoxson's motion for apportionment because the case was dismissed before the motion was filed. We agree.

A plaintiff may voluntarily dismiss a case without permission of the court by filing a written notice of dismissal at any time before the first witness is sworn, although a case shall not be automatically dismissed against a defendant's objection if a counterclaim has been pleaded. OCGA § 9-11-41 (a) (1) - (2); *Reed v. Reed*, 295 Ga. 574, 575 (1) (761 SE2d 326) (2014).

> It is well settled that the dismissal of a lawsuit generally deprives the trial court of jurisdiction to take further action in a case. Moreover, because the Civil Practice Act makes no provision for the reinstatement of an action after dismissal as distinguished from a recommencement, a trial

---

[2] Wilcoxson has filed a motion to dismiss the appeal on the basis that Miller's initial appellate brief does not contain proper record citations. See Court of Appeals Rule 25 (a) (5), (d) (1) - (2). However, after Miller was granted permission to file a supplemental appellate brief, he filed a brief with proper record citations. Accordingly, we deny the motion to dismiss.

court has no power to order reinstatement of the action after it has been voluntarily dismissed. Thus, a dismissal operates to divest the court of jurisdiction, after which the trial court has no authority to enter additional orders, with the possible exception of OCGA § 9-15-14 awards, which are not at issue here. And because the dismissal divests the court of jurisdiction, orders entered subsequent to the dismissal are deemed a nullity.

(Citations and punctuation omitted.) *Barnes v. Cannon*, 347 Ga. App. 517, 518-519 (1) (820 SE2d 155) (2018); see also *Patel v. Patel*, 342 Ga. App. 81, 91 (2) (b) (802 SE2d 871) (2017) ("Under Georgia law, the unqualified dismissal of a case terminates the action, divests the trial court of jurisdiction to take further action in the case, and renders all orders entered after the dismissal a mere nullity.") (citation omitted).

When Wilcoxson voluntarily dismissed this action, there were no other claims or counterclaims pending. Therefore, the dismissal deprived the trial court of jurisdiction to rule on the subsequently filed apportionment motion. See *Barnes*, supra, 347 Ga. App. at 519 (trial court lacked jurisdiction to consider maternal grandmother's motion to intervene in paternal grandparents' action against uninsured motor carrier on behalf of father's estate and minor grandchild, arising out of accident that killed grandchild's parents, where paternal grandparents had voluntarily

dismissed the action after having a settlement approved, and grandmother brought the motion two weeks after dismissal); *Smith v. Mem. Med. Center, Inc.*, 208 Ga. App. 26, 27-29 (1) (430 SE2d 57) (1993) (where decedent's father had voluntarily dismissed his wrongful death action, trial court lacked jurisdiction to grant defendants' motion for summary judgment). "When a trial court enters a judgment where it does not have jurisdiction, such judgment is a mere nullity and must be reversed." (Citation and punctuation omitted.) *Gallagher v. Fiderion Group, LLC*, 300 Ga. App. 434, 437 (2) (685 SE2d 387) (2009). Because Wilcoxson's voluntary dismissal of the action terminated the case and deprived the trial court of jurisdiction to rule on her apportionment motion, we must reverse the court's apportionment order.[3]

2. Miller also argues that the trial court abused its discretion by awarding him only three percent of the settlement proceeds in light of each parent's relationship with Sariah. However, in light of our conclusion that the court lacked jurisdiction to rule on the motion for apportionment, we need not address the substantive merits of the court's order. See *Smith*, supra, 208 Ga. App. at 29 (2).

---

[3] Our conclusion that the case was terminated and the trial court lacked jurisdiction to rule on the apportionment motion does not necessarily foreclose a separate proceeding regarding the distribution of the settlement proceeds.

In conclusion, because the case was terminated following Wilcoxson's voluntary dismissal of the action, the trial court lacked jurisdiction to rule on her motion for apportionment, and we reverse the court's order on the motion.

*Judgment reversed. Markle and Land, JJ., concur.*