## A01A0996. SMITH v. GEORGIA ASSET PROPERTIES, LLC et al.

(554 SE2d 561)

MIKELL, Judge.

Leonard E. Smith, pro se, appeals the trial court's final order declaring that his case against Georgia Asset Properties, LLC ("GAP") is closed and that his second complaint purporting to initiate an action against GAP and National Tax Funding, L.P. is a nullity. We affirm.

Smith and two other plaintiffs filed a complaint against GAP and Associate Financial Services of America, Inc. on July 29, 1998. After GAP filed an answer, Smith voluntarily dismissed the action on or about December 17, 1998. On February 15, 1999, Smith filed a pleading entitled "Second Complaint for Declaratory Judgment and Complaint for Illegal Interference with Plaintiffs' Possessory [sic] and Other Valuable Real Property Rights" against GAP and National Tax Funding. The new complaint had the same file number as the original action, and there is no evidence in the record that Smith paid a second filing fee.

Smith filed a motion for default judgment against GAP, which he subsequently withdrew. On July 10, 2000, he filed a pleading entitled "Withdrawal of Their Motion for Default Judgment and Plaintiffs' Amended Complaint and Plaintiffs' Motion to Compel"; however, the pleading failed to specify what action should be compelled. On July 25, 2000, GAP filed a motion for an order closing the case. The trial court held a hearing on the motions on July 31, 2000, and entered a final order in which it concluded that the case against GAP had been closed since the voluntary dismissal on December 17, 1998, and that the second complaint did not commence a new action and was therefore a nullity.

1. In his first error asserted on appeal, Smith argues that the trial court erred in granting GAP's motion for an order closing the case. Because the trial court's order was based on findings of fact concerning whether the second complaint was a new action or an amendment to the original complaint, those findings will not be set aside unless clearly erroneous. See *BMH Real Estate Partnership v. Montgomery*, 246 Ga. App. 301, 302 (1) (540 SE2d 256) (2000). As the clearly erroneous test is, in effect, the same as the any evidence rule, we will not disturb the court's findings if there is any evidence to support them. *Blanton v. Duru*, 247 Ga. App. 175 (543 SE2d 448) (2000). Furthermore, even if we view GAP's pleading as a motion to dismiss and apply a de novo standard of review as Smith urges us to do, we reach the same result. See *Cook v. Regional Communications*, 244 Ga. App. 869, 870 (539 SE2d 171) (2000).

After reviewing the records of the court clerk and hearing testimony and argument from the parties, the court concluded that there

was no evidence to support Smith's argument that the second complaint was in fact a new action. Because the pleading was filed in an action that had been dismissed, the court found that it was a nullity.

We cannot conclude that the court's findings were clearly erroneous, nor does our review of the record indicate that a different result was required. The new complaint had the same file number as the original action, and there is no evidence in the record that Smith paid a second filing fee or initiated a separate action. Because the underlying case had been dismissed, Smith would have had to file a new action against GAP to revive his claims and could not simply file an amended complaint in a case that had been dismissed. See generally OCGA § 9-11-41 (a); Uniform Superior Court Rules 36.9; 36.10; 39.2.

Smith states in his appellate brief that he did pay a second filing fee but lost the receipt; however, this contention carries no weight. "Statements of fact in the briefs of the parties unsupported by evidence in the record cannot be considered on appeal." *McGonagil v. Treadwell*, 216 Ga. App. 850, 853 (1) (456 SE2d 260) (1995).

Furthermore, the record does not contain a transcript of the hearing. Therefore, we must assume that the evidence and arguments presented at that hearing, as well as the record before us, provided a sufficient basis for the court's ruling. *Barton v. Barton*, 216 Ga. App. 292, 293 (3) (454 SE2d 155) (1995); *Sargent v. Dept. of Human Resources*, 202 Ga. App. 874, 875 (415 SE2d 918) (1992). "Where no transcript of evidence is filed[,] all grounds requiring a consideration of evidence must be affirmed." (Punctuation omitted.) *Garrett v. McDowell*, 242 Ga. App. 78, 79 (1) (527 SE2d 918) (2000), citing *Prada v. Administrator, Small Business Admin.*, 208 Ga. App. 710 (432 SE2d 274) (1993). Accordingly, we affirm the trial court's final order declaring that Smith's case against GAP was closed.

2. Next, Smith argues that the trial court erred by failing to rule on his motion for reconsideration of the final order. However, this error is not supported by citation of authority or argument and is deemed abandoned. Court of Appeals Rule 27 (c) (2); *Sulejman v. Marinello*, 217 Ga. App. 319, 320 (1) (457 SE2d 251) (1995) ("Appellate judges should not be expected to take pilgrimages into records in search of error without the compass of citation and argument."). See also *Dixon v. MARTA*, 242 Ga. App. 262, 266 (529 SE2d 398) (2000).

Furthermore, Smith filed a notice of appeal on September 27, 2000, which acts as a supersedeas and deprives the trial court of the power to rule on the motion for reconsideration. See *DeClue v. City of Clayton*, 246 Ga. App. 487, 493 (5) (540 SE2d 675) (2000). Thus, the trial court did not err.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED AUGUST 29, 2001 —
RECONSIDERATION DENIED SEPTEMBER 20, 2001 —

Leonard E. Smith, *pro se.*

*Proctor & Chambers, Bradley A. Hutchins, Freed & Berman, Benjamin I. Fink, Aaron B. Chausmer, Kenneth A. Hindman,* for appellees.