A09A2247. GALLAGHER v. THE FIDERION GROUP, LLC et al.

(685 SE2d 387)

BLACKBURN, Presiding Judge.

In this business tort and contract action brought by The Fiderion Group, LLC and Fiderion Financial Services Group, LLC (collectively "Fiderion") against their former employee Robert Gallagher, Gallagher appeals the order finding him in criminal contempt. He argues that Fiderion had voluntarily dismissed the case before the contempt motion was even filed, thus divesting the trial court of jurisdiction to consider such. We agree and reverse.

The question of whether the trial court had jurisdiction to hear Fiderion's motion is a purely legal issue and we owe no deference to

the trial court's ruling, which we review de novo under the "plain legal error" standard of review. See *Laughlin v. City of Atlanta*.[1]

The undisputed facts show that in April 2008, Fiderion sued Gallagher for various business torts and for breach of contract, based on Gallagher's actions that took place just before and soon after Gallagher was terminated from Fiderion's employ. Fiderion was particularly concerned about Gallagher's contacting and threatening Fiderion's clients. The parties consented to two temporary restraining orders, after which the court conducted a hearing and entered an order on May 14, 2008 that prohibited Gallagher from threatening or contacting any of Fiderion's clients about Fiderion or about the litigation.

Within weeks, the parties reached a settlement, pursuant to which Gallagher paid money to Fiderion and promised not to threaten or contact Fiderion's clients about Fiderion or about the litigation. The parties mutually released each other from all claims and obligations, including those claims and obligations arising from their former employment relationship or from Gallagher's contacts with Fiderion's clients. On July 17, 2008, Fiderion voluntarily dismissed all of its claims without prejudice. This dismissal disposed of all pending claims.

Five months later, Fiderion discovered evidence that led it to believe that Gallagher was contacting its clients in violation of the settlement agreement. Based on this evidence, on December 23, 2008, Fiderion filed a motion in the now-dismissed action to hold Gallagher in contempt of the May 14 order and to enforce the settlement agreement. In its first ruling on the motion, the court on January 14, 2009 ordered expedited discovery on the matter and prohibited Gallagher from destroying evidence. After an evidentiary hearing on April 1, 2009, at which Gallagher argued that the court lacked the authority to consider the pending motion in light of the dismissal, the court found Gallagher in criminal contempt of the May 14, 2008 order (in that he had contacted and threatened Fiderion's clients) and in criminal contempt of the January 14, 2009 order (in that he had destroyed evidence from his computer). Gallagher appeals from this contempt order.

1. The key to this case is the effect of Fiderion's July 17, 2008 voluntary dismissal of Fiderion's claims without prejudice. Based on the authorities cited below, we hold that the dismissal divested the court of jurisdiction to consider the subsequent contempt motion, and we therefore reverse.

"A voluntary dismissal under OCGA § 9-11-41 (a) is a matter of

---

[1] *Laughlin v. City of Atlanta*, 265 Ga. App. 61, 63 (592 SE2d 874) (2004).

right and terminates the action." (Punctuation omitted.) *Southwest Health & Wellness, LLC v. Work*.[2] See *Mitchell v. Wyatt*[3] ("[s]uch a voluntary dismissal terminates the action"). Because the Civil Practice Act "makes no provision for the reinstatement of an action after dismissal as distinguished from a recommencement," (punctuation omitted) *Southwest Health*, supra, 282 Ga. App. at 622 (1) (b), a trial court has no power to order reinstatement of the action after it has been voluntarily dismissed. *Smith v. Mem. Med. Center*.[4] Indeed, the effect of a dismissal is so complete that "[a] suit dismissed without prejudice pursuant to OCGA § 9-11-41 leaves the situation the same as if the suit had never been brought in the first place." (Punctuation omitted.) Id. See *Matthews v. Riviera Equip*.[5] Thus, it "operate[s] to divest the court of jurisdiction, after which the trial court [has] no authority to enter" additional orders, *Lotman v. Adamson Contracting*,[6] with the possible exception of OCGA § 9-15-14 awards, which are not at issue here. See *Harris v. Werner*.[7] See generally *Lakes v. Marriott Corp*.[8] ("the dismissal deprived the trial court of jurisdiction over the case and left the parties in the same position as if the suit had never been filed"); *Mem. Med. Center*, supra, 208 Ga. App. at 28 (1) ("Smith's voluntary dismissal operated to divest the court of jurisdiction").

Because an unqualified dismissal without prejudice completely extinguishes the action as if it had never been filed, prior orders entered in the case are superseded. *Weeks v. Weeks*.[9] See *Corrosion Control v. William Armstrong Smith Co*.[10] And because the dismissal divests the court of jurisdiction, orders entered subsequent to the dismissal are deemed a nullity. *Lakes*, supra, 264 Ga. at 478; *Cotton v. Surrency*[11] ("[f]ollowing [plaintiff's] dismissal . . . , the court was divested of jurisdiction and the order entered [subsequently] was a nullity"); *Lotman*, supra, 219 Ga. App. at 898 ("at the time the written order was entered, the action had already been extinguished and the court no longer had jurisdiction"); *C & S Indus. Supply Co.*

[2] *Southwest Health & Wellness, LLC v. Work*, 282 Ga. App. 619, 622 (1) (b) (639 SE2d 570) (2006).

[3] *Mitchell v. Wyatt*, 192 Ga. App. 127, 129 (1) (384 SE2d 227) (1989).

[4] *Smith v. Mem. Med. Center*, 208 Ga. App. 26, 28 (1) (430 SE2d 57) (1993).

[5] *Matthews v. Riviera Equip.*, 152 Ga. App. 870, 870 (1) (264 SE2d 318) (1980).

[6] *Lotman v. Adamson Contracting*, 219 Ga. App. 898, 898 (467 SE2d 224) (1996).

[7] *Harris v. Werner*, 278 Ga. App. 166, 167-168 (628 SE2d 230) (2006).

[8] *Lakes v. Marriott Corp.*, 264 Ga. 475, 478 (448 SE2d 203) (1994).

[9] *Weeks v. Weeks*, 243 Ga. 416, 416 (254 SE2d 366) (1979).

[10] *Corrosion Control v. William Armstrong Smith Co.*, 157 Ga. App. 291, 292 (277 SE2d 287) (1981).

[11] *Cotton v. Surrency*, 277 Ga. App. 158, 158 (626 SE2d 148) (2006).

*v. Proctor & Gamble Paper Products Co.*[12] (order entered subsequent to voluntary dismissal "was a nullity and must be reversed").

The proper remedy for a breach of an unincorporated settlement agreement that led to a voluntary dismissal is the institution of a new action for breach of contract, which under proper circumstances may seek specific performance. See *Eickhoff v. Eickhoff*[13] ("[a]lthough it had its roots in the parties' [prior] divorce action, appellant's instant action based upon the settlement agreement was a new action and not merely a continuation of the divorce action") (punctuation omitted); *Smith v. Ga. Asset Properties*[14] ("[b]ecause the underlying case had been dismissed, [plaintiff] would have had to file a new action against [defendant] to revive his claims and could not simply file an amended complaint in a case that had been dismissed"). Fiderion's reliance on *Minor v. Minor*[15] for an allegedly contrary holding is misplaced, in that the *Minor* plaintiff did not dismiss the case after the settlement agreement was reached.

2. Fiderion claims that Gallagher waived his right to assert this jurisdictional argument by failing to raise it until just before the April 1 hearing. However, as set forth in Division 1 above, the dismissal divested the court of subject-matter jurisdiction over the case. "[P]arties cannot confer subject-matter jurisdiction on a court by agreement or waive the defense by failing to raise it in the trial court." (Punctuation omitted.) *Amerson v. Vandiver*.[16] See *Gray v. Gray*[17] ("[w]aiver or consent of the parties cannot confer on a court jurisdiction of a subject matter wherein it has none at law"); *Redmond v. Walters*.[18] Compare OCGA § 15-1-2 ("lack of jurisdiction of the person may be waived . . ."). Accordingly, no waiver took place here.

The trial court erred in entering the contempt order after the case had been dismissed. "When a trial court enters a judgment where it does not have jurisdiction, such judgment is a mere nullity . . ." and must be reversed. (Punctuation omitted.) *In the Interest of A. D. B.*[19] This ruling moots the remaining enumerations of error.

*Judgment reversed. Adams and Doyle, JJ., concur.*

---

[12] *C & S Indus. Supply Co. v. Proctor & Gamble Paper Products Co.*, 199 Ga. App. 197, 198 (404 SE2d 346) (1991).

[13] *Eickhoff v. Eickhoff*, 263 Ga. 498, 499-500 (1) (435 SE2d 914) (1993), overruled on other grounds, *Lee v. Green Land Co.*, 272 Ga. 107, 108 (527 SE2d 204) (2000).

[14] *Smith v. Ga. Asset Properties*, 251 Ga. App. 595, 596 (1) (554 SE2d 561) (2001).

[15] *Minor v. Minor*, 257 Ga. 706 (362 SE2d 208) (1987).

[16] *Amerson v. Vandiver*, 285 Ga. 49, 50 (673 SE2d 850) (2009).

[17] *Gray v. Gray*, 229 Ga. 460, 461 (2) (192 SE2d 334) (1972).

[18] *Redmond v. Walters*, 228 Ga. 417, 417 (2) (186 SE2d 93) (1971).

[19] *In the Interest of A. D. B.*, 232 Ga. App. 697, 698 (503 SE2d 596) (1998).

DECIDED OCTOBER 8, 2009.

*Irvin & Kessler, William L. Pratt*, for appellant.
*Foltz & Martin, Halsey G. Knapp, Jr., Arthur B. Baer*, for appellees.