**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 15, 2013**

# In the Court of Appeals of Georgia

A13A0040. DEPARTMENT OF TRANSPORTATION v. REVCO
    DISCOUNT DRUG CENTERS, INC.

RAY, Judge.

The Department of Transportation ("DOT") filed a petition for condemnation and a declaration of taking to acquire 0.144 acres of land, along with certain easement rights, on certain property located in Atlanta. Revco Discount Drug Centers, Inc. ("Revco"), which was not named as a condemnee in the direct condemnation action, filed a separate action against DOT for inverse condemnation. Acting upon an agreement of the parties and an order of the trial court, Revco intervened in the direct condemnation action and dismissed its inverse condemnation action "with prejudice." DOT then moved for summary judgment, contending that Revco's dismissal of its inverse condemnation action with prejudice constituted an adjudication on the merits

which barred Revco's claim for the same damages in the direct condemnation action. The trial court denied Revco's petition to set aside the dismissal with prejudice and denied DOT's motion for summary judgment, and the case proceeded to a jury trial. After a verdict and judgment was entered in favor of Revco, DOT filed a motion for judgment notwithstanding the verdict or new trial, which the trial court denied. DOT appeals from the judgment and the denial of its motion for j.n.o.v., contending that the trial erred in failing to apply res judicata and that the trial court made various errors at trial. For the following reasons, we reverse in part and vacate in part.

1. DOT contends that the trial court erred in failing to apply res judicata to bar Revco's claim for damages arising from the condemnation. In light of the trial court's denial of the petition to set aside the dismissal with prejudice and based upon the controlling authority set forth herein, we are, unfortunately, constrained to agree.

At a discovery hearing in Revco's inverse condemnation action, the parties agreed to allow Revco to intervene in the direct condemnation action to assert its claim for damages. On May 5, 2009, the trial court entered an order allowing Revco to intervene. The order also directed Revco to dismiss its inverse condemnation action within 10 days. In reliance upon the agreement of the parties and the order of the trial court, Revco asserted its claim for damages in the direct condemnation action

2

and dismissed its inverse condemnation action, "with prejudice." Thereafter, DOT moved for partial summary judgment, contending that Revco's dismissal of its inverse condemnation action "with prejudice" amounted to an adjudication on the merits regarding Revco's claim for condemnation damages.

In its response to DOT's motion, Revco argued that res judicata should not apply because it did not have a full and fair opportunity to litigate its claims for damages in the inverse condemnation action because its dismissal was required by the trial court's order and because OCGA § 9-2-5 prohibits two actions involving the same issues and parties from being prosecuted simultaneously. Revco also petitioned the court to set aside the dismissal "with prejudice" in the inverse condemnation action so that it could be re-entered as a dismissal "without prejudice," contending that the dismissal with prejudice was a mistake or clerical error that was subject to correction pursuant to OCGA § 9-11-60 (d) (2) and (g).

However, in its petition to set aside the dismissal in the inverse condemnation action, Revco conceded that it filed the dismissal "with prejudice" because it believed that it was required to do so by the court's order and by OCGA § 9-2-5.[1] The trial

---

[1] We note that neither the trial court's order nor OCGA § 9-2-5 required Revco to file a dismissal "with prejudice."

3

court denied Revco's petition to set aside the dismissal with prejudice, finding that Revco was not entitled to relief under OCGA § 9-11-60 (d) (2) or (g) because its dismissal with prejudice was a calculated decision that was "a result of [Revco's] own negligence, fault or decisional error." The trial court further found that the petition was untimely because it was filed outside the term of court in which the dismissal was entered. The trial court's denial of the petition to set aside the dismissal with prejudice was not appealed.

Despite this ruling, the trial court denied DOT's motion for summary judgment, citing concerns of "fairness and due process." The trial court reasoned that Revco did not have a full and fair opportunity to litigate its claims for damages because it dismissed the inverse condemnation action based upon the parties' agreement that Revco could intervene in the related direct condemnation action and because the trial court's order required Revco to dismiss its inverse condemnation action. The trial court further found that Revco's dismissal with prejudice was filed "in good faith."

OCGA § 9-12-40 provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties . . . as to all matters put in issue or which under the rules of law might have been put in issue in the cause

4

wherein the judgment was rendered *until the judgment is reversed or set aside*" (emphasis supplied). As noted above, the trial court denied Revco's petition to set aside the dismissal with prejudice, and the court's ruling on this issue has not been appealed. Thus, our analysis shifts to the applicability of res judicata to Revco's claims for damages in this case.

> For a prior action to bar a subsequent action under the doctrine of res judicata,
>
> the first action must have involved an adjudication by a court of competent jurisdiction; the two actions must have an identity of parties and subject matter; and the party against whom the doctrine of res judicata is raised must have had a full and fair opportunity to litigate the issues in the first action.

(Citation and punctuation omitted.) *Austin v. Cohen*, 268 Ga. App. 650, 654-655 (1) (602 SE2d 146) (2004). We find that all of these requirements were met in this case.

First, the trial court was a court of competent jurisdiction for the purposes of res judicata in this case.[2] A voluntary dismissal with prejudice constitutes a "judgment on the merits for purposes of res judicata" with regard to the same parties and the same cause of action. *Fowler v. Vineyard*, 261 Ga. 454, 456 (2) (405 SE2d 678) (1991). Revco's dismissal with prejudice was voluntary because Revco was not

---

[2] This fact is not disputed by the parties on appeal.

required to intervene in the direct condemnation action, nor was it required by the parties' agreement or the order of the court to dismiss its inverse condemnation action *with prejudice*. "[A] simple mistake by a party as to the . . . legal result of an act which he performs, is no ground for either defensive or affirmative relief." (Citation and punctuation omitted.) *Kent v. State Farm Mut. Automobile Ins. Co.*, 233 Ga. App. 564, 566 (2) (504 SE2d 710) (1998).

Furthermore, it is immaterial that Revco was allowed to intervene in the direct condemnation action at or before the time it dismissed its inverse condemnation action. See *Grant v. Franklin*, 244 Ga. App. 370, 370-371 (534 SE2d 584) (2000) (where plaintiff had two personal injury actions pending, a dismissal with prejudice in one action operated as a bar to the other action). Here, both condemnation actions were pending at the same time, and by intervening in the direct condemnation action and dismissing the inverse condemnation action "with prejudice," such dismissal operates as a bar to Revco's claim for condemnation damages. Id.

Second, the inverse condemnation action and the direct condemnation action had an identity of the parties (Revco and DOT) and involved the same subject matter (Revco's claim for damages arising out of the condemnation). "Damages recoverable in an inverse condemnation are a substitute for the damages recoverable in a

6

condemnation proceeding, and are measured by the same standard." *Ga. Dept. of Transp. v. Edwards*, 267 Ga. 733, 737 (1) (b) (482 SE2d 260) (1997).

The final requirement for res judicata is that the party against whom it is asserted must have had a full and fair opportunity to litigate the issues presented in the other action. An essential aspect of our res judicata analysis is whether Revco properly managed its case. *Piedmont Cotton Mills, Inc. v. Woelper*, 269 Ga. 109, 110 (498 SE2d 255) (1998). "If, pursuant to an appropriate handling of the case, the merits . . . *could* have been determined, then the defense [of res judicata] is valid." (Emphasis supplied.) Id.

The trial court concluded that Revco did not have a full and fair opportunity to litigate its claims for condemnation damages because Revco dismissed the inverse condemnation action based upon the parties' agreement that it could intervene in the direct condemnation action and because Revco believed that the trial court's order allowing the intervention required it to dismiss the inverse condemnation action "with prejudice." However, Revco did not have to agree to intervene in the direct condemnation action, nor did the trial court's order require Revco to dismiss its inverse condemnation "with prejudice." Had Revco declined to intervene or had it dismissed its inverse condemnation *without* prejudice, it could have litigated its

claims for condemnation damages. Thus, our precedent mandates the conclusion that Revco had a full and fair opportunity to litigate its claims upon proper management of its inverse condemnation case.

Lastly, the trial court concluded that res judicata should not apply because Revco dismissed its inverse condemnation action with prejudice "in good faith" with the intent to pursue its claims in the direct condemnation action. However, Revco's petition to set aside the dismissal with prejudice was denied, and neither the trial court nor Revco have cited any authority which provides a "good faith" exception to the rule that such a dismissal operates as a judgment on the merits for the purposes of res judicata. We likewise could we find no such authority.

For the above reasons, the trial court erred in failing to apply res judicata in this case. Accordingly, we vacate the judgment in favor of Revco and reverse the trial court's denial of DOT's motion for judgment notwithstanding the verdict.[3]

2. Based on our holding in Division 1, we need not address DOT's remaining enumerations of error.

*Judgment reversed in part and vacated in part. Barnes, P. J., and Miller, J., concur.*

---

[3] The portion of the judgment relating to the disbursal of certain funds held in the court registry to condemnee Selig Midtown Crossing, LLC is not affected by our holding in this case.

8