**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 25, 2014**

# In the Court of Appeals of Georgia

A13A2455. CHOI et al. v. IMMANUEL KOREAN UNITED
   METHODIST CHURCH.

ANDREWS, Presiding Judge.

This case is before us on Woo-Baeg Choi and Shin-Aee Choi's (The Chois) appeal from the trial court's grant of Immanuel Korean United Methodist Church's (the Church) motion to dismiss. The Chois sued the Church for the second time, claiming that it had been agreed that their $1,500,000 donation to the church, made in 2005, was for the construction of a new building, that the Church had not yet begun construction on a building, had no plans for doing so, and there was evidence that had come to light since the filing of the previous lawsuit showing that the Church was unable to build a new structure at any time in the foreseeable future, if ever. The

trial court granted the motion to dismiss, finding that the claims were barred by res judicata and collateral estoppel. We disagree and reverse.

The record shows that the Chois gave two checks to the church in 2005, one for $1,000,000 and one for $500,000. The checks stated that the money was for a building construction fund and the church pastor acknowledged that the checks were for construction of a new building. The first check was used to buy a $932,147.57 tract of land in 2006. The money from the second check is still on deposit and has not been used.

In 2010, the Chois filed the first lawsuit, alleging breach of fiduciary duty and requesting the imposition of a trust on the funds. The Church filed a motion for summary judgment which the court granted, holding that there had been no time limit set for the use of the money; the claims were not ripe because there had been no breach of fiduciary duty at that time; and therefore it was without authority to impose an implied trust. The Chois appealed the ruling and this Court affirmed under Rule 36.

Approximately a year and a half after the grant of summary judgment on their first complaint, the Chois filed another complaint against the Church. This second complaint asked for a declaratory judgment that an implied charitable trust was

2

created when the $1,500,000 was given to the church; that the church could not fulfill the designated special purpose in a timely manner; and, asking that the money be transferred to a different church that will fulfill the intended purpose of the gift. The complaint also requested injunctive relief to preclude the church from using the funds for any other purpose.

The Church filed a motion to dismiss, arguing that these claims were barred by res judicata and collateral estoppel. The trial court granted the motion, holding that the Chois did not allege any new facts to show that the purpose of the gift had failed or could not be accomplished. Rather they alleged that the Church is unable to complete the purpose in a timely manner. The trial court stated that it had already held that the funds are being used for the special purpose and there was no time restraint placed upon the gift. Accordingly, the trial court dismissed both counts of the complaint as barred by res judicata and collateral estoppel.[1]

---

[1] "[W]here there is identity of parties and subject matter, res judicata bars relitigation of matters that were or could have been litigated in an earlier action. Collateral estoppel, like res judicata, requires identity of parties or privity. However, unlike res judicata, collateral estoppel does not require identity of the claim but only precludes readjudication of an issue already adjudicated between the parties or their privies in a prior action." *Burnett v. Slatter*, 286 Ga. 169, 172 (686 SE2d 126) (2009).

3

"A motion to dismiss should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. All facts in the pleadings are to be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible." *Clarke v. Freeman*, 302 Ga. App. 831, 832 (692 SE2d 80) (2010). This Court's review of a trial court's ruling on a motion to dismiss is de novo. Id.

On appeal, the Chois contend that they have brought this cause of action under OCGA § 44-5-87, not under the Georgia Trust Act, OCGA § 53-12-2 et seq., as they did in the first complaint. OCGA § 44-5-87 provides that: "[i]f a gift is made for a specific purpose which is either expressed or is secretly understood and the purpose is illegal or from some other cause fails or cannot be accomplished, the donee shall hold the object of the gift as trustee for the donor or his next of kin." In this case, the Chois are alleging that there is evidence that the specific purpose of the gift cannot be accomplished and that these facts have come to light since the filing of their initial complaint. Specifically, the Chois allege that the church's "financial situation has deteriorated materially." They also claim that the Church's membership and income

4

"have dropped precipitously since the summer of 2011, making it not reasonably possible . . . to [build] a new facility . . . within a reasonable period of time, if at all."

The general rule is "that a former judgment binds only as to the facts in issue and events existing at the time of such judgment, and does not prevent a re-examination even of the same questions between the same parties, if in the interval the material facts have so changed or such new events have occurred as to alter the legal rights or relations of the litigants." *Durham v. Crawford*, 196 Ga. 381, 387 (26 SE2d 778) (1943). Here, the impossibility of ever fulfilling the purpose of the donation was not considered in the first lawsuit in the context of OCGA § 44-5-87 and the trial court erred in granting the motion to dismiss on grounds of res judicata and collateral estoppel.

In light of the above, the order dismissing the complaint is reversed and the case is remanded to the trial court to determine whether the allegations in the complaint are sufficient to survive a motion to dismiss.

*Judgment reversed and case remanded. Dillard and McMillian, JJ., concur.*